**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION,

      Plaintiff,

v.                                      Civil Action No.: 2:25cv523-JKW-RJK

VIRGINIA PORT AUTHORITY, *et al.,*

      Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY

Defendants Virginia Port Authority ("VPA") and Stephen Edwards ("Edwards") (collectively, "Defendants") have a pending Motion to Dismiss providing multiple bases to dismiss the entirety of Plaintiff's Complaint, including grounds which are dispositive and unlikely to be corrected through amendment. Given the dispositive nature of the motion, and for the reasons set forth in more detail herein, Defendants respectfully request that this Court issue an order staying all discovery in this case pending the Court's ruling on Defendants' Motion to Dismiss (Dkt. Nos. 13-14.)[1]

## I.    BACKGROUND

On August 26, 2025, the International Longshoremen's Association (the "ILA") filed the instant lawsuit against the VPA and Edwards, requesting that the Court enter judgment against Defendants declaring that Defendants' purchase of rail-mounted gantry ("RMG") cranes for the

---

[1] The undersigned counsel has conferred with Plaintiff's counsel regarding staying discovery, but Plaintiff's counsel objects to a stay of discovery pending the Court's ruling on the Motion to Dismiss.

Norfolk International Terminal interferes with the collective bargaining process and is preempted by the NLRA and that Defendants be enjoined and prohibited from interfering with the collective bargaining and the Master Contract between the ILA and Virginia International Terminals ("VIT"). (Dkt. No. 1, at 9-11.)

On September 18, 2025, Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. (Dkt. No. 13.) Defendants seek dismissal on a number of grounds, including the ILA's failure to state a claim for preemption or injunction, the ILA's failure to establish subject matter jurisdiction over its complaint, Defendants' sovereign immunity, and the ILA's failure to include VIT as a necessary party.  (Dkt. No. 14, at 5, 10, 12-13, 16-17, 21, 23.) The ILA filed its Memorandum in Opposition on October 2, 2025, and Defendants filed their Reply on October 8, 2025. (Dkt. Nos. 18-19.) On October 14, 2025, Defendants requested a hearing on their Motion to Dismiss, Memorandum in Support, and Reply. (Dkt No. 21.)

The parties attended a Rule 26(f) Conference on October 28, 2025. Among the issues discussed was Defendants' position that discovery not commence until the Court rules on the Motion to Dismiss. The parties appeared for a Rule 16(b) conference with the Court on November 3, 2025, after which the Court entered a Scheduling Order. (Dkt. No. 24.) The Scheduling Order sets the trial in this matter to begin on June 2, 2026. (*Id.* at 1.) The Scheduling Order further permits the parties to conduct fact discovery until February 27, 2026. (*Id.* at 2.)

Following the 16(b) Conference, counsel for Defendants again conferred with counsel for the ILA regarding Defendants' position that discovery not commence until the Court rules on the Motion to Dismiss. Counsel for the ILA declined to agree. On December 5, 2025, counsel for the ILA served 20 Interrogatories on the VPA, 13 Interrogatories on Edwards, 28 Requests for

Production the VPA, and 27 Requests for Production on Edwards (collectively, "ILA's Discovery Requests")—most of which exponentially exceed the scope of the subject matter to be litigated in this case, should the Motion to Dismiss be denied[2]. (*See* Exhibit 1, ILA's Discovery Requests.)

## II.    ARGUMENT

### A.  Standard of Review

Rule 26 provides as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the Rule provides for liberal discovery, Rule 26 gives the Court the following authority to issue a protective order:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [and] (B) specifying terms, including time and place or the allocation of expenses for the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c)(1).

District courts have "inherent authority to issue stays in controlling its docket," *Dolan v. Ford Motor Company*, No. 3:23cv512, 2023 WL 7285443, at *2 (E.D. Va. Nov. 3, 2023) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)), and wide discretion in deciding whether to issue a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Courts may stay discovery during the pendency of a dispositive motion for good cause shown, taking into consideration "a number of factors, including whether the defendant has made a strong showing

---

[2] Without waiving its objections to discovery proceeding at all, the undersigned counsel is in the process of conferring with counsel for the ILA regarding the overbreadth and irrelevance of the ILA's Discovery Requests. After the conferral process, should any issues remain, Defendants reserve the right to file an appropriate motion specifically related to those requests.

that the plaintiff's claim is unmeritorious; the breadth of discovery and the burden of responding to

it; the risk of unfair prejudice to the party opposing the stay; the nature and complexity of the

action; whether some or all defendants request the stay; and the posture and stage of the

litigation." *Colonial River Wealth Advisors, LLC v. Cambridge Inv. Rsch., Inc.*, No. 3:22cv717

(RCY), 2023 WL 4936708, at *1 (E.D. Va. June 5, 2023) (granting a protective order staying

discovery pending resolution of two motions to dismiss); *see also White v. Clarke*, No. 7:22-cv-

00082, 2022 WL 5265160, at *1 (E.D. Va. Oct. 6, 2022) (quoting *Nat'l Coatings & Supply, Inc. v.

Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020))

("In determining whether to issue a stay in this circumstance, the court considers factors such as

'the potential for the dispositive motion to terminate all the claims in the case or all the claims

against particular defendants, strong support for the dispositive motion on the merits, and

irrelevancy of the discovery at issue in the dispositive motion.'").

**B.  The Court Should Issue a Protective Order Staying Discovery**

Staying discovery is appropriate in this case. Under the framework adopted by the Eastern

District of Virginia in *Colonial River Wealth Advisors*, each factor for the Court to consider

supports staying discovery pending the disposition of Defendant's Motion to Dismiss.

*1.  Defendants have made a strong showing that the ILA's case is unmeritorious.*

Defendants have made a strong showing in their Motion to Dismiss that this case should be

dismissed in its entirety on no less than four independent grounds. Granting of the Motion to

Dismiss "would dispose of all the claims against" both Defendants, which supports a stay of

discovery. *See Colonial River Wealth Advisors, LLC*, 2023 WL 4936708 at *1; *Somie v. GEO

Grp., Inc.*, No. 5:09-CT-3142-FL, 2011 WL 1831695, at *2 (E.D.N.C. May 12, 2011). The Motion

further makes "a colorable showing raising doubts as to the viability of Plaintiff's complaint." *See*

4

*Colonial River Wealth Advisors, LLC*, 2023 WL 4936708 at *1. Because the Defendants' Motion

to Dismiss has made at least a colorable—if not decisive—showing, this factor strongly supports a

stay of discovery.

> ### 2. The nature of the action and asserted defenses render discovery at this stage of the litigation particularly inappropriate.

The nature of this action and the defenses asserted by Defendants also strongly warrant a

stay of discovery. Where a pending motion asserts any kind of immunity, including sovereign

immunity, courts should stay discovery until they can decide the immunity issue. *See Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved,

discovery should not be allowed."); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th

Cir. 1987) ("The district court acted properly in staying discovery in this case pending resolution

of the [sovereign, absolute, and qualified] immunity issues."); *Nieto v. San Perlita Indep. Sch.*

*Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) ("[U]ntil resolution of the threshold question of the

application of an immunity defense, discovery should not be allowed."); *Young v. Burks*, 849 F.2d

610, No. 84-1805, 1988 WL 62396, at *3 n.6 (6th Cir. June 21, 1988) ("Appellants also asserted

that the district court abused its discretion by staying discovery pending its resolution of the

qualified immunity claim. This argument is without merit.") (citing *Williamson v. United States*

*Dep't of Agriculture*, 815 F.2d 368, 382–83 (5th Cir.1987) ("[D]iscovery should be stayed pending

resolution of immunity issues.")); *Pfuetze v. State of Kansas*, No. 10-1139-CM-GLR, 2010 WL

3718836, at *1–2 (D. Kan. Sep. 14, 2010) (staying discovery until the court could rule on the

defendant's motion to dismiss raising sovereign immunity); *see also Monegain v. Dep't of Motor*

*Vehicles*, 491 F. Supp. 3d 117, 149 (E.D. Va. 2020) (staying discovery until the court could rule

on the defendants' renewed motion to dismiss raising qualified immunity); *White v. Jackson*, No.

2:16cv597, 2017 WL 2963862, at *2 (E.D. Va. June 28, 2017) (noting that the court previously

"stayed discovery pending resolution of the issue of qualified immunity"); *In re Flint Water Cases*, 960 F.3d 820, 826–27 (6th Cir. 2020) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998)) ("It is up to the district court to take qualified immunity into account when developing its discovery plan. . . . '[T]he trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.'").

Disfavoring discovery when immunity is at issue is logical because discovery is one of the very burdens on the state that sovereign immunity is designed to prevent. *See DiMeglio v. Haines*, 45 F.3d 790, 798 (4th Cir. 1995) (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("[O]ne of the express purposes of immunity . . . is . . . 'to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.'"). This has prompted the Supreme Court to indicate that immunity should "be resolved as early in the proceedings as possible," and hence, that until then, discovery should not be allowed. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Siegert*, 500 U.S. at 231-33); *Hwang v. Kansas State Univ.*, No. 11-4185-EFM, 2012 WL 3292835, at *2 (D. Kan. Aug. 13, 2012). Both Defendants have credibly asserted in their Motion to Dismiss that the ILA's suit is barred by sovereign immunity, and therefore this consideration weighs heavily in favor of granting a stay in discovery.

In addition to sovereign immunity and other defenses, Defendants credibly argue that the claims are also barred because they fail to present an actual case or controversy for adjudication, depriving the court of subject matter jurisdiction. This too renders discovery inappropriate. *See Norvell v. Blue Cross & Blue Shield Ass'n*, No. 1:16-cv-00195-EJL-REB, 2018 WL 4335612, at *4 (D. Idaho Sep. 10, 2018) ("[W]here a dispositive motion raises issues of jurisdiction, venue, or

6

immunity, courts within the Ninth Circuit often rule that staying discovery is appropriate pending resolution of these threshold issues."); *Gestamp Chattanooga, LLC v. Lincoln Elec. Automation*, No. 1:21-cv-286, 2022 WL 20613653, at *3 (E.D. Tenn. June 7, 2022) (staying discovery pending the defendant's motion to dismiss challenging subject matter jurisdiction because "it [was] conceivable that th[e] case may be dismissed on jurisdictional grounds"); *Serafine v. Abbott*, No. 1:20-CV-1249-RP, 2021 WL 3616102, at *2 (W.D. Tex. May 12, 2021) ("Considering the jurisdictional nature of [the defendant]'s motion to dismiss, good cause exists to stay discovery in this suit pending resolution of that motion."); *Genberg v. Porter*, No. 11-cv-02434-WYD-MEH, 2012 WL 640150, at *2 (D. Colo. Feb. 27, 2012) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."). To be able to engage in discovery on a claim that is outside of the jurisdiction of this court would be a futile exercise intended only to harass at the Defendants' expense.

The posture of this case renders discovery inappropriate at this juncture.

3.   *The ILA's discovery requests are unduly burdensome and well outside the scope of the subject matter of the Complaint.*

On December 5, 2025, the ILA issued its first round of discovery consisting of interrogatories and requests for production of documents on both Defendants. (Exhibit 1, ILA's Discovery Requests.) The ILA's Discovery Requests not only seek documents and information which are overly broad, unduly burdensome, and wholly unrelated to the subject of the Complaint[3], but they also seek to require Defendants to expend significant resources to respond to discovery while the Motion to Dismiss is pending. Instead of issuing discovery with some pretextual tether to its claims which are narrow in nature, the ILA takes a deep dive into matters

---

[3] *See* Footnote 2, *supra*.

well outside the scope of the Complaint, including requests not limited to the cranes at issue, the

Master Contract, or any relevant timeframe as they seek materials for over five years prior to the

arrival of the cranes. Although conferral related to the specific discovery requests is ongoing, the

overbreadth of the information and documents sought is illustrative of why a general discovery

stay is appropriate here. The ILA's requests include, but are not limited to, those seeking:

- All documents, communications, and/or information concerning the purchase of cargo-handling equipment for use at the Port of Virginia. (Ex. 1 at 7, ILA RFP to VPA No. 1.)

- All documents, communications, and/or information concerning the use of semi-automated cargo-handling equipment at the Port of Virginia. (*Id.*, ILA RFP to VPA No. 2.)

- All documents, communications, and/or information between VPA and the ILA concerning the implementation of semi-automated cargo-handling equipment. (*Id.*, ILA RFP to VPA No. 5.)

- All documents, communications, and/or information between VPA and VIT concerning the use or operation of semi-automated cargo-handling equipment at the Port of Virginia. (*Id.*, ILA RFP to VPA No. 6.)

- All documents, communications, and/or information regarding any contract grievances involving the ILA or any of its local unions in the Port of Virginia. (*Id.*, ILA RFP to VPA No. 11.)

- All documents, communications, and/or information between Defendant Stephen Edwards and Joseph Ruddy concerning the ILA. (*Id.* at 8, ILA RFP to VPA No. 13.)

- All documents, communications, and/or information between VPA and any state

officials concerning cargo-handling operations at the Port of Virginia. (*Id.*, ILA
RFP to VPA No. 17.)

- All documents, communications, and/or information between VPA and any state
officials concerning revenue at the Port of Virginia. (*Id.*, ILA RFP to VPA No. 18.)

- All documents, communications, and/or information between VPA and any Virginia
state officials concerning the purchase of cargo-handling equipment for use at the
Port of Virginia. (*Id.*, ILA RFP to VPA No. 19.)

- All documents, communications, and/or information between VPA and any state
officials concerning the use of any semi-automated cargo-handling equipment at
the Port of Virginia. (*Id.*, ILA RFP to VPA No. 20.)

- All invoices and other documents concerning proof of purchase of cargo-handling
equipment. (*Id.*, ILA RFP to VPA No. 21.)

- All meeting minutes, attendance sheets, meeting agendas, and/or notes concerning
semi-automated cargo-handling equipment at the Port of Virginia. (*Id.* at 9, ILA
RFP to VPA No. 26.)

- All meeting minutes, attendance sheets, meeting agendas, and/or notes concerning
VIT. (*Id.*, ILA RFP to VPA No. 27.)

As currently drafted, the discovery is blatantly overly broad, unduly burdensome, and
beyond the needs of this case. Rule 26 specifically permits restricting discovery under these
circumstances. *See* Fed. R. Civ. P. 26. This Court has also noted, in outlining its standard of
review on a motion to stay discovery, the viability of a stay of discovery "until preliminary
questions that may dispose of the case are determined." *Lismont v. Alexander Binzel Corp.*, No.
2:12CV592, 2014 WL 12515341, at *2 (E.D. Va. Mar. 12, 2014) (citing *Petrus v. Bowen*, 833

F.2d 581, 583 (5th Cir. 1987)). Here, there are dispositive preliminary questions that need be established prior to allowing discovery to take place. Allowing discovery to proceed with the Motion to Dismiss pending would impose undue time, burden, and extraordinary expense given the breadth of the requests on potentially immune defendants and deficient claims. The burden on Defendants outweighs any inconvenience of a short delay on the ILA. If the matter continues past the Motion to Dismiss stage, there will be time to engage in discovery and/or to litigate the merits of the requested discovery if the parties do not reach agreement. Good cause exists to stay discovery while the Court determines whether the ILA's claims are even viable or whether the Complaint should be summarily dismissed.

4. *The case is still in its early stages and the risk of prejudice to the ILA is low.*

Finally, the risk of prejudice to the ILA is low, and this case is still at the early stages. *See MJ Enter. Holdings, Inc. v. Spiffy Franchising, LLC*, No. 1:24-cv-3194-RDB, 2025 WL 775515, at *3 (D. Md. Mar. 10, 2025) (quoting *Warner v. Midland Funding, LLC*, No. 18-727, 2019 WL 8560152, at *2 (M.D.N.C. Mar. 18, 2019)) (noting that the court in *Warner* found "prejudice to the plaintiff 'minimal' where the '[p]laintiff filed th[e] case less than one year ago and the case [was] still in its early stages' as 'discovery ha[d] not yet commenced'"); *id.* (quoting *Hewlett Packard Enter. Co. v. Aqua Sys., Inc.*, No. 23-5640, 2024 WL 1159000, at *10 (E.D.N.Y. Mar. 18, 2024)) ("[I]t cannot be said that a short stay of discovery for a few months pending the decision of an already fully briefed motion to dismiss will result in a prejudice to Plaintiff."). Additionally, "discovery is not needed to respond to the motion to dismiss" as the ILA has already responded. *See White*, 2022 WL 5265160, at *1.

A stay of discovery would benefit not only Defendants and the Court, but also the ILA, as conducting discovery would prove a waste of time and money for all parties should the Court be

persuaded by even just one of the four asserted grounds and grant Defendants' Motion to Dismiss. *See Blankenship v. Napolitano*, No. 2:19-cv-00236, 2019 WL 6173530, at *5 (S.D. W. Va. Nov. 19, 2019) (quoting *Slone v. State Auto Prop. & Cas. Ins. Co.*, No. 2:19-CV-00408, 2019 WL 4733555, at *1 (S.D. W. Va. Sep. 26, 2019)) ("The interests of judicial economy favor reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal issues and 'the resolution of which may obviate the need for or limit discovery in this case.'"); *Drayton v. Newman*, No. 7:22-cv-00574, 2023 WL 2405590, at *3 (W.D. Va. Mar. 8, 2023) ("[S]taying merits-based discovery would serve the purpose of judicial economy and conserving the resources of the parties and the court."). These two factors thus also weigh heavily in favor of staying discovery.

## III.    CONCLUSION

For good cause shown and considering the relevant factors, an order staying discovery is appropriate pending the disposition of Defendants' Motion to Dismiss. Defendants respectfully request that all discovery in this case be stayed until this Court issues a ruling on the pending Motion to Dismiss and for any other relief that the Court deems appropriate.

Dated: December 11, 2025

VIRGINIA PORT AUTHORITY
STEPHEN EDWARDS

*/s/ Jennifer L. Eaton*
Jennifer L. Eaton (VSB No. 87491)
W. Thomas Chappell (VSB No. 87389)
Katherine M. Lennon Ellis (VSB No. 92358)
WOODS ROGERS VANDEVENTER BLACK PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Telephone: (757) 446-8600
jennifer.eaton@woodsrogers.com
thomas.chappell@woodsrogers.com
kate.lennon@woodsrogers.com
*Counsel for Defendants*

11