**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA,**
**NORFOLK DIVISION**

```
------------------------------------------------------------X
                                               :
INTERNATIONAL LONGSHOREMEN'S                   :
ASSOCIATION,                                   :
                                               :
                         Plaintiff             :        Civil Action No.: 2:25-cv-00523
                                               :
            v.                                 :
                                               :
VIRGINIA  PORT  AUTHORITY and STEPHEN          :
EDWARDS, individually and in his official capacity :
as CEO and Executive Director of the Virginia Port :
Authority,                                     :
                                               :
                         Defendants.           :
------------------------------------------------------------X
```

### PLAINTIFF INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VIRGINIA PORT AUTHORITY

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff International Longshoremen's Association ("Plaintiff" or "ILA") hereby requests that Defendant Virginia Port Authority ("Defendant" or "VPA") produce for inspection at the offices of Mazzola Mardon, P.C., 39 Broadway, 34th Floor, New York, NY 10006, the documents described below within thirty (30) days of being served. In responding to these requests, Defendant shall use the definitions and follow the instructions below, each of which shall be deemed to be a material part of each request.

### DEFINITIONS

a.      "Document" as used herein shall be understood to mean the original (or duplicate, identical copies when originals are not available), and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of writings of every kind and description whether inscribed by hand or by mechanical, facsimile, electronic, photographic or other means, as well as audio or visual reproductions, and including, but not limited to, all written, graphic,

1003-656/148631

or otherwise recorded matter, correspondence, notes, communications, text messages, email, instant messages, texts, websites, blogs, tweets, status updates, social media posts, facsimiles, records, charts, graphs, tapes, discs, photographs, sound recordings, video recordings, minutes of any type of meeting, memoranda of all types, reports, contracts, agreements, books, receipts, transcripts, calendars, diaries, time sheets and logs, and any papers, electronic files or recordings similar thereto, however produced or reproduced, in the actual or constructive possession, custody, care or control of Defendant, Defendant's agents, representatives and attorneys. "Document" also includes the file, folder tabs and/or containers and labels appended thereto associated with each such original and/or copy.

b.     The term "document" shall be construed to include any electronically stored information, whether prepared by you or by any other person, that is in your possession, custody, or control.

c.     The term "electronically stored information" or "ESI" is defined to give the full scope of that term, and refer to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically stored information includes, but is not limited to, all information stored in any format and on any storage media, including, but not limited to: hard drives; floppy disks; flash drives; USB drives; compact discs; digital video discs; digital versatile discs. The format of electronically stored information includes, but is not limited to: word-processing documents; electronic spreadsheets; electronic presentation documents; email messages; image files; text files; videos; text messages; voicemails; sound files; and material or information stored in databases or accessible from databases, of any description. Electronically stored information also includes all associated metadata that is routinely maintained or saved with the document.

d.     The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise).

Exhibit Pg. 2
Exhibit 1

e.      When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

f.      When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

g.      "Identify," when used to ask for a description of the facts known by an individual or entity, means all "discoverable information" as that term is used and intended in Fed. R. Civ. P. 26(a)(1)(A)(i).

h.      The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association or corporation.

i.      The following rules of construction apply to all discovery requests:

1.      All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.      And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

j.      Number.  The use of the singular form of any word includes the plural and vice versa.

k.      "Complaint" means Plaintiff's Complaint, ECF Dkt. No. 1, which was filed by Plaintiff on August 26, 2025.

l.      "ILA" means International Longshoremen's Association.

Exhibit Pg. 3
Exhibit 1

m.      "Defendants" means Defendants Virginia Port Authority and Stephen Edwards, collectively, and their attorney(s) and/or agent(s).

n.      "VPA" means Defendant Virginia Port Authority, its attorney(s) and/or agent(s).

o.      "Edwards" means Defendant Stephen Edwards, individually and in his official capacity as CEO and Executive Director of the Virginia Port Authority, his attorney(s) and/or agent(s).

p.      "VIT" means Virginia International Terminals, LLC, its attorney(s) and/or agent(s).

q.      "Master Contract" means the coastwide multi-port, multi-employer collective bargaining agreement that governs the terms and conditions of employment for longshore workers and related crafts in the coastwide bargaining unit from Maine to Texas and beyond.

r.      The singular of any word used herein shall be deemed to include the plural of such word and the plural shall include the singular.

## INSTRUCTIONS

a.      These requests are intended to cover all documents in the possession, custody or control of Defendant, as well as any and all documents within the possession, custody, or control of any of Defendant's agents, attorneys, or any third party or parties who, upon request of the Defendant, would surrender possession, custody, or control.

b.      Each request herein for documents to be produced, whether memoranda, reports, letters, electronically stored information, records or other documents or any description, contemplates production of the document in its entirety, without abbreviation or expurgation.

c.      If Defendant cannot produce a document or a portion thereof after exercising due diligence to secure it, please so state in writing and produce whatever portion of said document is possible, specifying the reason for Defendant's inability to produce the document or the remainder thereof and stating whatever information or knowledge Defendant has concerning the document or

Exhibit Pg. 4
Exhibit 1

the portion thereof, which was, but is no longer in Defendant's possession, custody, or control, and state what disposition was made of it and the reason for such disposition.

d.      With respect to any document withheld on the ground of any privilege, identify the following: (i) the nature of the privilege (including work product) which is being claimed; (ii) the type of document (e.g., letter, memorandum, handwritten notes); (iii) the general subject matter of the document; (iv) the date of the document; (v) the present custodian of the document; and (vi) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addresses, and recipients to each other.

e.      For any document called for by a request that has been destroyed, provide the following information: addressor; addressees; indicated or blind copies; the date; subject matter; number of pages; attachments, exhibits, or appendices of such document; all persons to whom such document was distributed; the reason for its destruction; the person who authorized its destruction; and the person(s) who destroyed the document.

f.      If any request cannot be answered in full, answer to the extent possible, specifying the reasons for Defendant's inability to answer the remainder, and stating what information, knowledge or belief Defendant has concerning the unanswered portion.

g.      All document requests are to be deemed continuing up to and including the trial of the within action, and responses hereto are to be supplemented within a reasonable time after the receipt or location of additional documents or information which have been requested herein.

h.      All documents must be produced in the form in which they have been kept, together with any corresponding labels or markings.

i.      If any responsive documents to a request(s) comprise documents which Defendant contends contain confidential, business, trade secret, or proprietary information, Defendant shall not

Exhibit Pg. 5
Exhibit 1

withhold such documents on the ground of confidentiality but immediately shall advise all parties to this litigation of the confidential nature of such material.

j.      Unless otherwise specified, the following requests relate to the time period extending from January 1, 2020 to the present. The following requests shall be deemed to be continuing to require further and supplemental production by Defendant of documents that fall within the scope of the requests of which Defendant becomes aware at any time prior to the conclusion of this litigation.

k.      Pursuant to FRCP 34(b), please produce all electronically stored information in its native electronic format, with all metadata preserved and all accompanying load files.

**l.      Defendant shall identify for each document that it produces the specific request that the document is responsive to.**

## DOCUMENT REQUESTS

1.      All documents, communications, and/or information concerning the purchase of cargo-handling equipment for use at the Port of Virginia.

2.      All documents, communications, and/or information concerning the use of semi-automated cargo-handling equipment at the Port of Virginia.

3.      All documents, communications, and/or information between VPA and the ILA concerning the Master Contract.

4.      All documents, communications, and/or information between VPA and VIT concerning the Master Contract.

5.      All documents, communications, and/or information between VPA and the ILA concerning the implementation of semi-automated cargo-handling equipment.

6.      All documents, communications, and/or information between VPA and VIT concerning the use or operation of semi-automated cargo-handling equipment at the Port of Virginia.

7.      All documents, communications, and/or information reflecting what entity or entities control(s) or manages containerized cargo operations at the Port of Virginia.

8.      All agreements by and between VPA and VIT concerning containerized cargo operations at the Port of Virginia.

9.      All documents, communications, and/or information between VPA and VIT concerning collective bargaining demands used for negotiating the Master Contract.

10.      All documents, communications, and/or information concerning collective bargaining agreements involving ILA local unions at the Port of Virginia.

11.      All documents, communications, and/or information regarding any contract grievances involving the ILA or any of its local unions in the Port of Virginia.

12.     All documents, communications, and/or information concerning the ILA Hampton Roads District Council.

13.     All documents, communications, and/or information between Defendant Stephen Edwards and Joseph Ruddy concerning the ILA.

14.     All documents, communications, and/or information between Defendant Stephen Edwards and Joseph Ruddy concerning the Master Contract.

15.     All documents, communications, and/or information between VPA and VIT concerning the transfer of operating funds between the two entities.

16.      All documents, communications, and/or information between VPA and VIT concerning revenue at the Port of Virginia.

17.     All documents, communications, and/or information between VPA and any state officials concerning cargo-handling operations at the Port of Virginia.

18.     All documents, communications, and/or information between VPA and any state officials concerning revenue at the Port of Virginia.

19.     All documents, communications, and/or information between VPA and any Virginia state officials concerning the purchase of cargo-handling equipment for use at the Port of Virginia.

20.     All documents, communications, and/or information between VPA and any state officials concerning the use of any semi-automated cargo-handling equipment at the Port of Virginia.

21.     All invoices and other documents concerning proof of purchase of cargo-handling equipment.

22.     All invoices and other documents concerning proof of purchase of middleware and software programs for use on cargo-handling equipment at the Port of Virginia.

23.     All documents outlining or detailing technical specifications for cargo-handling equipment used at the Port of Virginia.

24.     All documents outlining or detailing technical specifications for middleware and/or software programs for use on cargo-handling equipment at the Port of Virginia.

25.     All documents reflecting VPA employees inputting data or information for ships calling at the Port of Virginia.

26.     All meeting minutes, attendance sheets, meeting agendas, and/or notes concerning semi-automated cargo-handling equipment at the Port of Virginia.

27.     All meeting minutes, attendance sheets, meeting agendas, and/or notes concerning VIT.

28.     All documents upon which VPA intends to rely to support its claims or defenses in this action or which VPA intends to offer into evidence as exhibits at a trial of this case.


Dated: December 5, 2025

MAZZOLA MARDON, P.C.                    BEINS, AXELROD & KEATING, P.C.


/s/ John P. Sheridan_____     /s/ Justin P. Keating_____
John P. Sheridan*                        Justin P. Keating
Brian A. Jasinski*                       Treyvon Jordan
39 Broadway, 34th Floor                  Beins, Axelrod & Keating, P.C.
New York, NY 10006                       1800 Diagonal Rd., Suite 600
(212) 425-3240                           Alexandria VA 22314
jsheridan@mmmpc.com                      (703) 966-3193

*Attorneys for Defendant International*
*Longshoremen's Association*             *Attorneys for Plaintiff International*
                                         *Longshoremen's Association*

*\*Pro Hac Vice Counsel*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA,**
**NORFOLK DIVISION**

-----------------------------------------------------------------X
                                                        :
INTERNATIONAL LONGSHOREMEN'S            :
ASSOCIATION,                                       :
                                                        :
                              Plaintiff            :        Civil Action No.: 2:25-cv-00523
                                                        :
          v.                                          :
                                                        :
VIRGINIA PORT AUTHORITY and STEPHEN    :
EDWARDS, individually and in his official capacity  :
as CEO and Executive Director of the Virginia Port  :
Authority,                                          :
                                                        :
                              Defendants.       :
-----------------------------------------------------------------X

### PLAINTIFF INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S
### FIRST SET OF INTERROGATORIES
### TO DEFENDANT VIRGINIA PORT AUTHORITY

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff International

Longshoremen's Association ("Plaintiff" or "ILA"), by its attorneys, Mazzola Mardon, P.C.,

request that Defendant Virginia Port Authority ("Defendant" or "VPA") answer the following

Interrogatories under oath within thirty (30) days of being served.  In responding to these

Interrogatories, Defendant shall use the definitions and follow the instructions below, each of

which shall be deemed to be a material part of each Interrogatory.

### DEFINITIONS

a.        "Document" as used herein shall be understood to mean the original (or duplicate,

identical copies when originals are not available), and any non-identical copies (whether different

from the originals because of notes made on such copies or otherwise) of writings of every kind

and description whether inscribed by hand or by mechanical, facsimile, electronic, photographic

or other means, as well as audio or visual reproductions, and including, but not limited to, all written, graphic, or otherwise recorded matter, correspondence, notes, communications, text messages, electronic mail, instant messages, websites, blogs, tweets, updates, status updates, social media posts, facsimiles, records, charts, graphs, tapes, discs, photographs, sound recordings, video recordings, minutes of any type of meeting, memoranda of all types, reports, contracts, agreements, books, receipts, transcripts, calendars, diaries, time sheets and logs, and any papers, electronic files or recordings similar thereto, however produced or reproduced, in the actual or constructive possession, custody, care or control of Defendant, Defendant's agents, representatives and attorneys. "Document" also includes the file, folder tabs and/or containers and labels appended thereto associated with each such original and/or copy.

      b.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

      c.      Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

      d.      Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

e.      The term "identify," when used below to ask for a description of the facts known by an individual or entity, means all "discoverable information" as that term is used and intended in Fed. R. Civ. P. 26(a)(1)(A)(i).  Where an Interrogatory requests that you "identify," "describe," "specify" or "state" information concerning facts, events, persons, documents, communications, occurrences or other matters, the answer shall be complete and state with particularity all facts supporting it.

f.      The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

g.      The following rules of construction apply to all discovery requests:

1.  All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.  And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

h.      "Complaint" means Plaintiff's Complaint, ECF Dkt. No. 1, which was filed by Plaintiff on August 26, 2025.

i.      "ILA" means International Longshoremen's Association.

j.      "Defendants" means Defendants Virginia Port Authority and Mr. Stephen Edwards, collectively, and their attorney(s) and/or agent(s).

k.      "Edwards" means Defendant Stephen Edwards, individually and in his official capacity as CEO and Executive Director of the Virginia Port Authority, his attorney(s) and/or agent(s).

l.      "VPA" means Defendant Virginia Port Authority, its attorney(s) and/or agent(s).

m.    "VIT" means Virginia International Terminals, LLC, its attorney(s) and/or agent(s).

n.    The singular of any word used herein shall be deemed to include the plural of such word, and the plural shall include the singular.

## **INSTRUCTIONS**

a.    With respect to any answer withheld on the ground of any privilege, identify the following: (i) the nature of the privilege (including work product) which is being claimed; (ii) the type of document, e.g., letter or memorandum; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addresses, and recipients to each other.

b.    If any Interrogatory cannot be answered in full, answer to the extent possible, specifying the reasons for Defendant's inability to answer the remainder, and stating what information, knowledge, or belief Defendant has concerning the unanswered portion.

c.    All Interrogatories shall be continuing in nature and shall include all later-discovered answers responsive to the Interrogatory. Defendant shall produce all such later-discovered information within thirty (30) days of its discovery.

d.    The responses made pursuant to any of these Interrogatories shall be produced in a manner that indicates to which Interrogatory they are responsive.

e.    In answering these Interrogatories, fully write out the Interrogatory followed by Defendant's response.

f.    Unless otherwise specified, the following Interrogatories relate to the time period extending from January 1, 2020 to the present.

Exhibit Pg. 13
Exhibit 1

## **INTERROGATORIES**

1.     Identify the name, address, job title, and employer of each person or persons answering these interrogatories or contributing information used in answering these Interrogatories.  If more than one person provided the answers or information, please identify the specific Interrogatories answered by each person.

2.     Identify what entity or entities own cargo-handling equipment used at the Port of Virginia.

3.     Identify what entity or entities owns the software and/or middleware programs installed on cargo-handling equipment used at the Port of Virginia.   In answering this interrogatory, identify what entity or entities have access to data contained on the software and/or middleware programs.

4.     What companies manufacture and sell cargo-handling equipment that is used at the Port of Virginia?  In answering this Interrogatory, provide the name(s), address(es), and contact information of the corporate representative(s) at the companies selling and manufacturing the equipment, as well as the purchaser(s) of said equipment at the Port of Virginia.

5.     Identify all entities that employ ILA labor at the Port of Virginia.

6.     Explain how and why VPA created VIT.

7.     Identify and explain the division of responsibilities at the Port of Virginia between the VPA and VIT.

8.     Explain how VPA secures funding for its operations at the Port of Virginia. In answering this Interrogatory, identify the primary source of funding for VPA, how much money VPA receives from its primary source of funding, and what percentage of its operating budget this is.

9.     How much money does VPA receive from the Commonwealth of Virginia to fund its operations?

10.     Explain how and why VIT transfers net revenues generated from terminal operations to VPA.

11.     Did any VPA representative(s) help any VIT representative(s) prepare for Master Contract negotiations? If so, identify their name(s), job title(s), contact information, and with whom from VIT they met or communicated.

12.     Explain how, if at all, the Master Contract's prohibition of the use of semi-automated cargo-handling equipment impacts VPA's operations.

13.     Does VPA have any agreement(s) to purchase and employ semi-automated cargo-handling equipment at the Port of Virginia within the next three (3) years? In answering this Interrogatory, provide the name(s), address(es), and contact information of the companies from whom VPA purchases cargo-handling equipment.

14.     In the past five (5) years, how much money has VPA spent on semi-automated cargo-handling equipment for use at the Port of Virginia?

15.     Who authorizes the purchase of semi-automated cargo-handling equipment for use at the Port of Virginia?  In answering this Interrogatory, identify each person, their respective employer(s), job title(s), and contact information.

16.     Identify all entities that use semi-automated cargo-handling equipment at the Port of Virginia.

17.     How many semi-automated stacking cranes, semi-automated cantilever rail-mounted gantry cranes, and semi-automated rail-mounted gantry cranes are currently available to be employed throughout the Port of Virginia?

Exhibit Pg. 15
Exhibit 1

18.     What software(s) does the Port of Virginia use as part of its terminal operating system?  In answering this interrogatory, identify each software program and explain how each program is involved in the marine terminal operations at the Port of Virginia and to what extent ILA labor is involved in accessing, managing, inputting, or retrieving data from the Port of Virginia's terminal operating system.

19.     Identify all vendors that VPA retains to install and maintain information technology in any cargo-handling equipment at the Port of Virginia.

20.     Do VPA employees enter or record information regarding ships that call at the Port of Virginia? If so, identify the employee(s), their respective title(s), and the program(s) that they use to enter or record such information.

Dated: December 5, 2025

MAZZOLA MARDON, P.C.                    BEINS, AXELROD & KEATING, P.C.

_/s/ John P. Sheridan_____          _/s/ Justin P. Keating_____
John P. Sheridan*                       Justin P. Keating
Brian A. Jasinski*                      Beins, Axelrod & Keating, P.C.
39 Broadway, 34th Floor                 1800 Diagonal Rd., Suite 600
New York, NY 10006                      Alexandria VA 22314
(212) 425-3240                          (703) 966-3193
jsheridan@mmmpc.com

_Attorneys for Defendant International_     _Attorneys for Plaintiff International_
_Longshoremen's Association_               _Longshoremen's Association_

*Participating by Special Appearance*

## <u>CERTIFICATION</u>

I certify under penalty of perjury under the laws of the United States of America that the foregoing responses to the Interrogatories are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. I also certify that the copies of the documents annexed hereto are exact copies of the documents; that the existence of other documents is unknown to me and, if such become later known or available, I shall serve them promptly on the propounding party.

**Virginia Port Authority**

By:_____

Title:_____

Dated:

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA,**
**NORFOLK DIVISION**

```
------------------------------------------------------------------X
                                                 :
INTERNATIONAL LONGSHOREMEN'S                     :
ASSOCIATION,                                     :
                                                 :
                              Plaintiff          :        Civil Action No.: 2:25-cv-00523
                                                 :
              v.                                 :
                                                 :
VIRGINIA PORT AUTHORITY and STEPHEN              :
EDWARDS, individually and in his official capacity :
as CEO and Executive Director of the Virginia Port :
Authority,                                       :
                                                 :
                              Defendants.        :
------------------------------------------------------------------X
```

**PLAINTIFF INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT STEPHEN EDWARDS**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff International Longshoremen's Association ("Plaintiff" or "ILA") hereby requests that Defendant Stephen Edwards ("Defendant" or "Edwards") produce for inspection at the offices of Mazzola Mardon, P.C., 39 Broadway, 34th Floor, New York, NY 10006, the documents described below within thirty (30) days of being served. In responding to these requests, Defendant shall use the definitions and follow the instructions below, each of which shall be deemed to be a material part of each request.

**DEFINITIONS**

a.     "Document" as used herein shall be understood to mean the original (or duplicate, identical copies when originals are not available), and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise)

1003-656
149797

of writings of every kind and description whether inscribed by hand or by mechanical, facsimile, electronic, photographic or other means, as well as audio or visual reproductions, and including, but not limited to, all written, graphic, or otherwise recorded matter, correspondence, notes, communications, text messages, email, instant messages, texts, websites, blogs, tweets, status updates, social media posts, facsimiles, records, charts, graphs, tapes, discs, photographs, sound recordings, video recordings, minutes of any type of meeting, memoranda of all types, reports, contracts, agreements, books, receipts, transcripts, calendars, diaries, time sheets and logs, and any papers, electronic files or recordings similar thereto, however produced or reproduced, in the actual or constructive possession, custody, care or control of Defendant, Defendant's agents, representatives and attorneys. "Document" also includes the file, folder tabs and/or containers and labels appended thereto associated with each such original and/or copy.

      b.     The term "document" shall be construed to include any electronically stored information, whether prepared by you or by any other person, that is in your possession, custody, or control.

      c.     The term "electronically stored information" or "ESI" is defined to give the full scope of that term, and refer to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically stored information includes, but is not limited to, all information stored in any format and on any storage media, including, but not limited to: hard drives; floppy disks; flash drives; USB drives; compact discs; digital video discs; digital versatile discs. The format of electronically stored information

1003-656
149797

2

includes, but is not limited to: word-processing documents; electronic spreadsheets; electronic presentation documents; email messages; image files; text files; videos; text messages; voicemails; sound files; and material or information stored in databases or accessible from databases, of any description. Electronically stored information also includes all associated metadata that is routinely maintained or saved with the document.

d.    The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise).

e.    When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

f.    When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

g.    "Identify," when used to ask for a description of the facts known by an individual or entity, means all "discoverable information" as that term is used and intended in Fed. R. Civ. P. 26(a)(1)(A)(i).

h.    The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association or corporation.

i.    The following rules of construction apply to all discovery requests:

Exhibit Pg. 20
Exhibit 1

1. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

j.      Number.  The use of the singular form of any word includes the plural and vice versa.

k.      "Complaint" means Plaintiff's Complaint, ECF Dkt. No. 1, which was filed by Plaintiff on August 26, 2025.

l.      "ILA" means International Longshoremen's Association.

m.      "Defendants" means Defendants Virginia Port Authority and Stephen Edwards, collectively, and their attorney(s) and/or agent(s).

n.      "VPA" means Defendant Virginia Port Authority, its attorney(s) and/or agent(s).

o.      "Edwards" means Defendant Stephen Edwards, individually and in his official capacity as CEO and Executive Director of the Virginia Port Authority, his attorney(s) and/or agent(s).

p.      "VIT" means Virginia International Terminals, LLC, its attorney(s) and/or agent(s).

q.      "Master Contract" means the coastwide multi-port, multi-employer collective bargaining agreement that governs the terms and conditions of employment for

1003-656
149797

4

longshore workers and related crafts in the coastwide bargaining unit from Maine to Texas and beyond.

r.      The singular of any word used herein shall be deemed to include the plural of such word and the plural shall include the singular.

## INSTRUCTIONS

a.      These requests are intended to cover all documents in the possession, custody or control of Defendant, as well as any and all documents within the possession, custody, or control of any of Defendant's agents, attorneys, or any third party or parties who, upon request of the Defendant, would surrender possession, custody, or control.

b.      Each request herein for documents to be produced, whether memoranda, reports, letters, electronically stored information, records or other documents or any description, contemplates production of the document in its entirety, without abbreviation or expurgation.

c.      If Defendant cannot produce a document or a portion thereof after exercising due diligence to secure it, please so state in writing and produce whatever portion of said document is possible, specifying the reason for Defendant's inability to produce the document or the remainder thereof and stating whatever information or knowledge Defendant has concerning the document or the portion thereof, which was, but is no longer in Defendant's possession, custody, or control, and state what disposition was made of it and the reason for such disposition.

d.      With respect to any document withheld on the ground of any privilege, identify the following: (i) the nature of the privilege (including work product) which is being claimed; (ii) the type of document (e.g., letter, memorandum, handwritten notes);

1003-656
149797

5

Exhibit Pg. 22
Exhibit 1

(iii) the general subject matter of the document; (iv) the date of the document; (v) the present custodian of the document; and (vi) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addresses, and recipients to each other.

e.      For any document called for by a request that has been destroyed, provide the following information: addressor; addressees; indicated or blind copies; the date; subject matter; number of pages; attachments, exhibits, or appendices of such document; all persons to whom such document was distributed; the reason for its destruction; the person who authorized its destruction; and the person(s) who destroyed the document.

f.      If any request cannot be answered in full, answer to the extent possible, specifying the reasons for Defendant's inability to answer the remainder, and stating what information, knowledge or belief Defendant has concerning the unanswered portion.

g.      All document requests are to be deemed continuing up to and including the trial of the within action, and responses hereto are to be supplemented within a reasonable time after the receipt or location of additional documents or information which have been requested herein.

h.      All documents must be produced in the form in which they have been kept, together with any corresponding labels or markings.

i.      If any responsive documents to a request(s) comprise documents which Defendant contends contain confidential, business, trade secret, or proprietary information, Defendant shall not withhold such documents on the ground of confidentiality but immediately shall advise all parties to this litigation of the confidential nature of such material.

j.      Unless otherwise specified, the following requests relate to the time period extending from January 1, 2020 to the present. The following requests shall be deemed to be continuing to require further and supplemental production by Defendant of documents that fall within the scope of the requests of which Defendant becomes aware at any time prior to the conclusion of this litigation.

k.      Pursuant to FRCP 34(b), please produce all electronically stored information in its native electronic format, with all metadata preserved and all accompanying load files.

**l.      Defendant shall identify for each document that it produces the specific request that the document is responsive to.**

## DOCUMENT REQUESTS

1.      All documents, communications, and/or information concerning Defendant's job responsibilities as CEO and Executive Director of VPA.

2.      All documents, communications, and/or information concerning the purchase of semi-automated cargo-handling equipment for use at the Port of Virginia.

3.      All documents, communications, and/or information concerning the use of semi-automated cargo-handling equipment at the Port of Virginia.

4.      All documents, communications, and/or information concerning the Master Contract.

5.      All documents, communications, and/or information between VPA and the ILA concerning the implementation of semi-automated cargo-handling equipment.

6.      All documents, communications, and/or information concerning the purchase of software and/or middleware for cargo-handling equipment.

1003-656
149797

7

7.      All documents, communications, and/or information concerning the installation of software and/or middleware on cargo-handling equipment.

8.      All documents, communications, and/or information between Edwards and VIT concerning plans to use or operate semi-automated cargo-handling equipment at the Port of Virginia.

9.      All documents, communications, and/or information reflecting what entity or entities control(s) or manages containerized cargo operations at the Port of Virginia.

10.     All agreements concerning containerized cargo operations at the Port of Virginia.

11.     All documents, communications, and/or information between Edwards and VIT concerning collective bargaining demands used for negotiating the Master Contract.

12.     All documents, communications, and/or information between Edwards and government officials concerning collective bargaining demands used for negotiating the Master Contract.

13.     All documents, communications, and/or information concerning collective bargaining agreements involving ILA local unions at the Port of Virginia.

14.     All documents, communications, and/or information between Edwards and Joseph Ruddy concerning the ILA.

15.     All documents, communications, and/or information between Edwards and Joseph Ruddy concerning the Master Contract.

16.     All documents, communications, and/or information between Edwards and Joseph Ruddy concerning collective bargaining demands sought during the

negotiation of the Master Contract.

17.    All documents, communications, and/or information concerning the transfer of operating funds between VPA and VIT.

18.     All documents, communications, and/or information concerning revenue at the Port of Virginia.

19.    All documents, communications, and/or information between Edwards and any government officials concerning cargo-handling operations at the Port of Virginia.

20.    All documents, communications, and/or information between Edwards and any government officials concerning revenue at the Port of Virginia.

21.    All documents, communications, and/or information between Edwards and any government officials concerning the purchase of cargo-handling equipment for use at the Port of Virginia.

22.    All documents, communications, and/or information between Edwards and any government officials concerning an intention to install aftermarket middleware and/or software programs on cargo-handling equipment for use at the Port of Virginia.

23.    All documents, communications, and/or information between Edwards and VIT concerning an intention to install aftermarket middleware and/or software programs on cargo-handling equipment for use at the Port of Virginia.

24.    All invoices and other documents concerning proof of purchase of cargo-handling equipment at the Port of Virginia.

25.    All invoices and other documents concerning proof of purchase of middleware and/or software programs for use on cargo-handling equipment at the Port of

Virginia.

26.     All documents outlining or detailing technical specifications for semi-automated cargo-handling equipment.

27.     All documents upon which Edwards intends to rely to support his claims or defenses in this action or which Edwards intends to offer into evidence as exhibits at a trial of this case.


Dated: December 5, 2025


MAZZOLA MARDON, P.C.                    BEINS, AXELROD & KEATING, P.C.


*/s/ John P. Sheridan*_____       */s/ Justin P. Keating*_____
John P. Sheridan*                       Justin P. Keating
Brian A. Jasinski*                      Treyvon Jordan
39 Broadway, 34th Floor                 Beins, Axelrod & Keating, P.C.
New York, NY 10006                      1800 Diagonal Rd., Suite 600
(212) 425-3240                          Alexandria VA 22314
jsheridan@mmmpc.com                     (703) 966-3193

*Attorneys for Defendant International*
*Longshoremen's Association*            *Attorneys for Plaintiff International*
                                        *Longshoremen's Association*

*\*Pro Hac Vice Counsel*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA,**
**NORFOLK DIVISION**

-----------------------------------------------------------------X
                             :

INTERNATIONAL LONGSHOREMEN'S     :
ASSOCIATION,                           :
                             :

                  Plaintiff     :      Civil Action No.: 2:25-cv-00523
                             :

         v.                     :
                             :

VIRGINIA PORT AUTHORITY and STEPHEN :
EDWARDS, individually and in his official capacity  :
as CEO and Executive Director of the Virginia Port  :
Authority,                         :
                             :

                Defendants.   :
-----------------------------------------------------------------X

**PLAINTIFF INTERNATIONAL LONGSHOREMEN'S ASSOCIATION'S**
**FIRST SET OF INTERROGATORIES**
**TO DEFENDANT STEPHEN EDWARDS**

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff International Longshoremen's Association ("Plaintiff" or "ILA"), by its attorneys, Mazzola Mardon, P.C., request that Defendant Stephen Edwards ("Defendant" or "Edwards") answer the following Interrogatories under oath within thirty (30) days of being served.  In responding to these Interrogatories, Defendant shall use the definitions and follow the instructions below, each of which shall be deemed to be a material part of each Interrogatory.

**DEFINITIONS**

      a.     "Document" as used herein shall be understood to mean the original (or duplicate, identical copies when originals are not available), and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise)

of writings of every kind and description whether inscribed by hand or by mechanical, facsimile, electronic, photographic or other means, as well as audio or visual reproductions, and including, but not limited to, all written, graphic, or otherwise recorded matter, correspondence, notes, communications, text messages, electronic mail, instant messages, websites, blogs, tweets, updates, status updates, social media posts, facsimiles, records, charts, graphs, tapes, discs, photographs, sound recordings, video recordings, minutes of any type of meeting, memoranda of all types, reports, contracts, agreements, books, receipts, transcripts, calendars, diaries, time sheets and logs, and any papers, electronic files or recordings similar thereto, however produced or reproduced, in the actual or constructive possession, custody, care or control of Defendant, Defendant's agents, representatives and attorneys. "Document" also includes the file, folder tabs and/or containers and labels appended thereto associated with each such original and/or copy.

b.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

c.      Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.      Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject

1003-656
149814

2

matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

e.      The term "identify," when used below to ask for a description of the facts known by an individual or entity, means all "discoverable information" as that term is used and intended in Fed. R. Civ. P. 26(a)(1)(A)(i). Where an Interrogatory requests that you "identify," "describe," "specify" or "state" information concerning facts, events, persons, documents, communications, occurrences or other matters, the answer shall be complete and state with particularity all facts supporting it.

f.      The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

g.      The following rules of construction apply to all discovery requests:

1.      All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.      And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

h.      "Complaint" means Plaintiff's Complaint, ECF Dkt. No. 1, which was filed by Plaintiff on August 26, 2025.

i.      "ILA" means International Longshoremen's Association.

j.      "Defendants" means Defendants Virginia Port Authority and Mr. Stephen Edwards, collectively, and their attorney(s) and/or agent(s).

Exhibit Pg. 30
Exhibit 1

k.    "VPA" means Defendant Virginia Port Authority, its attorney(s) and/or agent(s).

l.    "Edwards" means Defendant Stephen Edwards, individually and in his official capacity as CEO and Executive Director of the Virginia Port Authority, his attorney(s) and/or agent(s).

m.    "VIT" means Virginia International Terminals, LLC, its attorney(s) and/or agent(s).

n.    The singular of any word used herein shall be deemed to include the plural of such word, and the plural shall include the singular.

## INSTRUCTIONS

a.    With respect to any answer withheld on the ground of any privilege, identify the following: (i) the nature of the privilege (including work product) which is being claimed; (ii) the type of document, e.g., letter or memorandum; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addresses, and recipients to each other.

b.    If any Interrogatory cannot be answered in full, answer to the extent possible, specifying the reasons for Defendant's inability to answer the remainder, and stating what information, knowledge, or belief Defendant has concerning the unanswered portion.

c.    All Interrogatories shall be continuing in nature and shall include all later-discovered answers responsive to the Interrogatory. Defendant shall produce all such later-discovered information within thirty (30) days of its discovery.

d.     The responses made pursuant to any of these Interrogatories shall be produced in a manner that indicates to which Interrogatory they are responsive.

e.     In answering these Interrogatories, fully write out the Interrogatory followed by Defendant's response.

f.     Unless otherwise specified, the following Interrogatories relate to the time period extending from January 1, 2020 to the present.

## <u>INTERROGATORIES</u>

1.     Identify each person on whose testimony you intend to rely upon in defending this matter.

2.     Identify your job responsibilities as CEO and Executive Director of VPA.

3.     Have you authorized the purchase of cargo-handling equipment for use at the Port of Virginia? If so, identify the companies from which cargo-handling equipment was purchased, the corporate address(es), and corporate contact information.

4.     Have you authorized the purchase of middleware and/or software programs for installation on cargo-handling equipment?  If so, identify the companies from which middleware and/or software was purchased, the corporate address(es), and corporate contact information.

5.     Has either VPA or VIT tested semi-automated cargo-handling equipment without the prior express written consent of the ILA?

6.     Did anyone at VIT keep you apprised of the status of collective bargaining negotiations with respect to either the Master Contract or any collective bargaining agreement involving an ILA-affiliated local union in the Port of Virginia?  In answering

1003-656
149814

5

Exhibit Pg. 32
Exhibit 1

this Interrogatory, identify their name(s), job title(s), contact information, and the nature of the communications.

7.      Have you or any other VPA representative(s) ever attended a meeting – whether virtually, in-person, or via teleconference – concerning the terms and conditions of any collective bargaining agreement involving the ILA or any of its local unions in the Port of Virginia? If so, identify each representative, his or her job title(s), and his or her contact information.

8.      What roles or responsibilities does the Commonwealth of Virginia have in the daily operation of the Port of Virginia?

9.      What roles or responsibilities does VIT have in the daily operation of the Port of Virginia?

10.     How was the purchase of semi-automated stacking cranes, semi-automated cantilever rail-mounted gantry cranes, and semi-automated rail-mounted gantry cranes funded?  In answering this interrogatory, identify the source(s) of funding and how much each unit of cargo-handling equipment cost.

11.     What entity is responsible for managing the Port of Virginia's terminal operating system?  In answering this interrogatory, identify what program(s) are used in managing the Port of Virginia's terminal operating system.

12.     How was the purchase of software and middleware programs for use in cargo-handling equipment funded?  In answering this interrogatory, identify the source(s) of funding, the program(s), and how much each program cost.

Exhibit Pg. 33
Exhibit 1

13.     Please identify and describe the process for purchasing and implementing cargo-handling equipment from the original date of purchase until the cargo-handling equipment is employed in the Port of Virginia's marine terminal operations.

Dated: December 5, 2025

MAZZOLA MARDON, P.C.                    BEINS, AXELROD & KEATING, P.C.


*/s/ John P. Sheridan*                    */s/ Justin P. Keating*
John P. Sheridan*                         Justin P. Keating
Brian A. Jasinski*                        Beins, Axelrod & Keating, P.C.
39 Broadway, 34th Floor                   1800 Diagonal Rd., Suite 600
New York, NY 10006                        Alexandria VA 22314
(212) 425-3240                            (703) 966-3193
jsheridan@mmmpc.com

*Attorneys for Defendant International*    *Attorneys for Plaintiff International*
*Longshoremen's Association*               *Longshoremen's Association*

*\*Participating by Special Appearance*

## CERTIFICATION

I certify under penalty of perjury under the laws of the United States of America that the foregoing responses to the Interrogatories are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.  I also certify that the copies of the documents annexed hereto are exact copies of the documents; that the existence of other documents is unknown to me and, if such become later known or available, I shall serve them promptly on the propounding party.

**Stephen Edwards**

By:_____

Title:_____

Dated: