# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA,
### Norfolk Division

| | | |
|---|---|---|
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:25cv523-JKW-RJK |
| VIRGINIA PORT AUTHORITY, et al., | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY

Plaintiff International Longshoremen's Association ("Plaintiff" or "ILA") submits this memorandum of law in opposition to Defendants' motion for a protective order staying discovery. Plaintiffs' motion is something of a confusing hybrid that on one hand seeks a blanket stay of **all** discovery, and on the other seeks a narrowing of the discovery requests that the ILA has already served.

The motion should be denied for three (3) reasons. First, this Court issued its Rule 16(b) Scheduling Order (ECF No. 24) on November 3, 2025, after the Rule 16 (b) Conference, at which Defendants specifically consented to all the dates that were then incorporated into the Order. Since the Scheduling Order issued, nothing has changed that would constitute "good cause" for modifying it. Second, Defendants have not shown that a stay of discovery is warranted here, where the pending motion to dismiss is unlikely to dispose of the entire case and where such a stay would substantially prejudice the ILA, unless this Court were to stay the entire Scheduling Order that

Defendants already consented to. Finally, with respect to Defendants' other request to limit the ILA's discovery requests, Defendants have not yet satisfied Local Rule 37(E); indeed, Defendants concede that "the undersigned counsel is in the process of conferring with counsel for the ILA regarding the overbreadth and irrelevance of the ILA's Discovery Requests." Defs. Mem. of Law, p. 3, n.2. Given the **ongoing** discussions regarding the discovery demands at issue, Defendants' motion is premature and in violation of this Court's discovery rules.

## BACKGROUND

The facts and circumstances preceding Defendants' motion are set forth in the Declaration of John P. Sheridan, which is incorporated herein by reference.

## ARGUMENT

### I. DEFENDANTS HAVE NOT MADE A SHOWING AS TO WHY THE COURT SHOULD MODIFY THE SCHEDULING ORDER THAT DEFENDANTS CONSENTED TO

Rule 16 of the Federal Rule of Civil Procedure permits modifying a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause exists when the parties cannot reasonably meet deadlines despite their own diligence." *McAfee v. Boczar*, 11 Civ. 646, 2012 WL 2499420, at *2 (E.D. Va. June 27, 2012) (citation omitted). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery shall not constitute good cause for an extension or continuance." E.D. Va. Loc. Civ. R. 16(B). "The parties and their counsel are bound by the dates specified in [Rule 16(b)] orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause." *Id.*

#### A. Defendants Have Not Shown Good Cause To Modify The Scheduling Order That They Previously Consented To

On November 3, 2025, this Court entered its Rule 16(b) Scheduling Order (ECF No. 24) after holding a Rule 16(b) video conference with all parties earlier that day. The Scheduling Order contains a fact discovery deadline of February 27, 2026, a general discovery deadline of March 10, 2026, and a trial date of June 2, 2026. All these deadlines were discussed and consented to by the parties at the video conference. The parties also acknowledged at that conference that Defendants had filed a motion to dismiss (ECF No. 13) that was fully briefed but still pending. At no point during the conference did Defendants' counsel request any stay of discovery or articulate any reservations about the Scheduling Order's deadlines.

Thus, as is consistent with the Eastern District's general policy to have litigation proceed expeditiously, the Court's Scheduling Order contemplated a compact litigation schedule, even in light of the pending dispositive motion. *See Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011) ("The Eastern District of Virginia is known as the 'rocket docket' because civil actions quickly move to trial or are otherwise resolved"); *see also Mamo v. BP P.L.C.*, 05 Civ. 1323 (JCC), 2006 WL 897217, at *3 (E.D. Va. Apr. 6, 2006) (Courts in this judicial district have recognized that "fast-paced pretrial procedures . . . and judicial economy warrant the decision to deny a stay of merits discovery"). If the Court wanted to rule on the pending motion to dismiss prior to the start of discovery, the Scheduling Order would have contemplated that course of action with more relaxed deadlines. Moreover, if Defendants had an issue with the discovery timeline set pursuant to the Rule 26(f) Pretrial Order, Defendants should have raised that with the Court at the Rule 16(b) Conference – prior to the Court entering its Scheduling Order.

Given their conduct, it appears that Defendants' motion serves no purpose other than to delay the onset of discovery indefinitely and prejudice the ILA.

### B. Defendants Have Not Met Their Burden to Obtain A Stay Of Discovery

"A party seeking a stay 'must justify it by clear and convincing circumstances,' and these circumstances must weigh more heavily than the potential harm to the party against whom the stay applies." *Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 489 (E.D. Va. 2005) (*quoting Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)). "Specifically, a district court should consider three factors: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party." *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 525 (E.D. Va. 2018) (internal citations omitted). In any case, the stay applicant "'must make out a clear case of hardship or inequity in being required to go forward.'" *Aventis*, 403 F. Supp. 2d at 489 (*quoting Williford*, 715 F.2d at 127).

Defendants have filed the instant motion as an attempt to delay the start of discovery, presuming that their motion to dismiss will be decided in their favor and relieve them of their disclosure obligations; however, Defendants have not justified their request with clear and convincing circumstances.

First, an objective review of Defendants' motion shows that it consists of several disparate arguments. Even if one or two arguments ultimately succeed, they will not dispose of the entire lawsuit – unlike, for example, when a motion raises a statute of limitations defense, that, if correct, will dispose of a complaint completely. Therefore, even if the claims against VPA are dismissed, the claims against Edwards would remain. Likewise, even if the injunctive relief is dismissed, there is still the declaratory relief. This situation is in marked contrast to the case that Defendants rely on in their motion. *See Colonial River Wealth Advisors, LLC v. Cambridge Investment Research, Inc.*, 2023 WL 4936708, at *1 (E.D. Va. June 5, 2023) ("In the present case, the motion

1003-656
150091                               4

to dismiss, filed pursuant to Fed. R. Civ. R. 12(b)(6) would dispose of all the claims against [Defendant]").

Second, despite what Defendants assert, simply staying discovery, without more, will certainly prejudice the ILA as the June trial date approaches. By staying discovery, the ILA would not be afforded enough time to investigate this matter prior to trial. Despite Defendants' contention that "[a] stay of discovery would benefit not only Defendants and the Court, but also the ILA" (Defs. Mem. of Law, p. 10), the delay will most certainly prejudice Plaintiff in light of the condensed litigation schedule. Here are just a few examples of the deadlines set by the Court that occur within the next ninety (90) days:

- February 27, 2026: End of fact discovery
- March 10, 2026: Deadline to conduct depositions
- March 24, 2026: Deadline to file dispositive motions

*See* ECF No. 24.

Thus, while Defendants contend that "the risk of prejudice to the ILA is low, and this case is still at the early stages" (Defs. Mem. of Law, p. 10), a stay of discovery under the current Scheduling Order will stymie the ILA's efforts to conduct discovery and prepare for trial. Therefore, as discussed above, Defendants' request to stay discovery is, in reality, a request to throw out the entire Scheduling Order that they previously consented to. Also, Defendants cite non-controlling case law from foreign jurisdictions, deliberately ignoring the fact that "[t]he Eastern District of Virginia is known as the 'rocket docket' because civil actions quickly move to trial or are otherwise resolved." *Pragmatus*, *supra*.

### C. Defendants completely ignore controlling precedent from this Court holding that the sovereign immunity defense is a fact-specific inquiry that requires discovery

While Defendants cite a plethora of non-controlling case law from foreign jurisdictions – Fifth and Sixth Circuits, as well as the District of Kansas, District of Idaho, Eastern District of Tennessee, Western District of Texas, and District of Colorado – for the proposition that they should be afforded a stay of discovery based solely on their assertion of sovereign immunity, Defendants completely ignore the most relevant precedent from this Court.

This Court has previously ruled that the VPA's sovereign immunity could not be resolved on a motion to dismiss without developing a fuller record through discovery. *Love v. Virginia Port Auth.*, 16 Civ. 160, 2017 WL 10181010, at *6, *7 (E.D. Va. Aug. 11, 2017) ("The Court agrees that further factual development via discovery would aid in its decision regarding the sovereign immunity issue"). As such, Defendants' contention that "[b]oth Defendants have credibly asserted in their Motion to Dismiss that the ILA's suit is barred by sovereign immunity, and therefore this consideration weighs heavily in favor of granting a stay in discovery" (Defs. Mem. of Law, p. 6) flies in the face of this Court's earlier reasoning regarding the same issue involving the same defendant.

As the *Love* Court analyzed in detail, and as the ILA explained in its opposition to Defendants' motion to dismiss, the Fourth Circuit has articulated a factual inquiry based on four (4) non-exclusive factors (the "Immunity Factors") when determining whether a state-created entity is an 'arm of the State.'" *Love*, 2017 WL 10181010, at *4-5 (citing *U.S. ex rel Oberg v. Pa. Higher Educ. Assistance Agency*, 804 F.3d 646, 650-51 (4th Cir. 2015)) ("*Oberg III*"); *see also S.C. Dep't of Disabilities and Special Needs v. Hoover Universal Inc.*, 535 F.3d 300, 303 (4th Cir. 2008); *see also Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *Ram*

*Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456 (4th Cir. 1987). The Immunity Factors are:

  (i)  Whether any judgment against the entity as defendant will be paid by the State;

  (ii)  The degree of autonomy exercised by the entity, including such circumstances as who appoints the entity's directors or officers, who funds the entity, and whether the State retains a veto over the entity's actions;

  (iii)  Whether the entity is involved with state concerns as distinct from non-state concerns, including local concerns; and

  (iv)  How the entity is treated under state law, such as whether the entity's relationship with the State is sufficiently close to make the entity an arm of the State.

*Love*, 2017 WL 10181010, at *4-5. Whether VPA is afforded sovereign immunity is therefore a question of fact that is subject to discovery on these four factors. In light of this Court's prior decision concerning this identical issue and identical party, Defendants cannot establish good cause for staying discovery.

## II. DEFENDANTS' REQUEST FOR THE COURT TO MODIFY PLAINTIFF'S DISOVERY REQUEST IS VAGUE AND PREMATURE

In addition to Defendants' failure to raise this issue with the Court more than one (1) month ago, Defendants have tacked on a second request to their motion by asking the Court to modify the discovery requests that Plaintiffs have already served. But they filed this motion without having first met and conferred with the undersigned counsel in accordance with Local Rule 37(E), which states, in pertinent part, "No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy." Likewise, Defendants' motion is not "accompanied by a statement of counsel that a good faith effort has been made between counsel

to resolve the discovery matters at issue." This is a requisite component to filing any discovery motion with this Court.

The ILA has sought relevant information from January 1, 2020, through the present concerning VPA's claim of sovereign immunity, including, but not limited to, the following:

- All documents, communications, and/or information between VPA and VIT concerning the Master Contract.

- All documents, communications, and/or information between VPA and VIT concerning the use or operation of semi-automated cargo-handling equipment at the Port of Virginia.

- All documents, communications, and/or information reflecting what entity or entities control(s) or manages containerized cargo operations at the Port of Virginia.

- All agreements by and between VPA and VIT concerning containerized cargo operations at the Port of Virginia.

- All documents, communications, and/or information between VPA and VIT concerning collective bargaining demands used for negotiating the Master Contract.

- All documents, communications, and/or information between VPA and VIT concerning the transfer of operating funds between the two entities.

- All documents, communications, and/or information between VPA and VIT concerning revenue at the Port of Virginia.

- All invoices and other documents concerning proof of purchase of cargo-handling equipment.

The threshold to overcome Defendant Edwards' claim of sovereign immunity is even lower, thereby necessitating Defendants' disclosure of relevant documents and information. This straightforward inquiry concerns "whether a complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Because the Complaint seeks an injunction from ongoing deliberate and intentional interference with the ILA's federally-protected collective bargaining rights, the relief sought is prospective by nature. "Specifically, upon information and belief, it is

Defendants . . . are directing VIT to violate the terms of the Master Contract by implementing new technology without following the procedures that VIT is contractually obligated to follow." Compl., ¶ 37.

In pursuit of specific documents and information manifesting the allegations in its well-pled Complaint, the ILA seeks relevant information from Defendant Edwards, including, but not limited to, the following:

- All documents, communications, and/or information concerning Defendant's job responsibilities as CEO and Executive Director of VPA.

- All documents, communications, and/or information between Edwards and VIT concerning plans to use or operate semi-automated cargo-handling equipment at the Port of Virginia.

- All documents, communications, and/or information between Edwards and VIT concerning collective bargaining demands used for negotiating the Master Contract.

- All documents, communications, and/or information between Edwards and government officials concerning collective bargaining demands used for negotiating the Master Contract.

- All documents, communications, and/or information between Edwards and Joseph Ruddy concerning the ILA.

- All documents, communications, and/or information between Edwards and Joseph Ruddy concerning the Master Contract.

- All documents, communications, and/or information between Edwards and Joseph Ruddy concerning collective bargaining demands sought during the negotiation of the Master Contract.

- All documents, communications, and/or information between Edwards and any government officials concerning cargo-handling operations at the Port of Virginia.

- All documents, communications, and/or information between Edwards and any government officials concerning revenue at the Port of Virginia.

- All documents, communications, and/or information between Edwards and any government officials concerning the purchase of cargo-handling equipment for use at the Port of Virginia.

- All documents, communications, and/or information between Edwards and any government officials concerning an intention to install aftermarket middleware and/or software programs on cargo-handling equipment for use at the Port of Virginia.

- All documents, communications, and/or information between Edwards and VIT concerning an intention to install aftermarket middleware and/or software programs on cargo-handling equipment for use at the Port of Virginia.

The ILA's discovery demands to both Defendants are relevant to the prosecution of this matter and tailored to the specific allegations in the Complaint. As such, the ILA respectfully requests that the Court deny Defendants' motion for a protective order to stay of discovery in its entirety and compel Defendants to respond to all the ILA's discovery demands. In the alternative, the ILA respectfully requests that the Court allow discovery to proceed on the issue of sovereign immunity.

## CONCLUSION

For the foregoing reasons, Plaintiff International Longshoremen's Association respectfully requests that this Court deny Defendants' motion for a protective order to stay discovery.

Dated:  Alexandria, VA
        December 23, 2025

                          Respectfully submitted,

                          /s/ Justin P. Keating
                          Justin P. Keating
                          BEINS, AXELROD & KEATING, P.C.
                          215 N. Payne St., Suite 129
                          Alexandria VA 22314
                          703.966.3193
                          jkeating@beinsaxelrod.com

                          John P. Sheridan (Pro Hac Vice)
                          Brian A. Jasinski (Pro Hac Vice)
                          Mazzola Mardon, P.C.
                          39 Broadway, 34th Floor
                          New York, NY 10006
                          212.425.3240

jsheridan@mmmpc.com  
bjasinski@mmmpc.com

COUNSEL FOR THE PLAINTIFF  
INTERNATIONAL LONGESHOREMENS'  
ASSOCIATION