**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA,**
**Norfolk Division**

| | |
|---|---|
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )Civil Action No. 2:25cv523-JKW-RJK |
| | ) |
| VIRGINIA PORT AUTHORITY, et al., | ) |
| | ) ) |
| Defendants. | ) |

---

**DECLARATION OF JOHN P. SHERIDAN IN OPPOSITION TO DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY**

John P. Sheridan, under penalty of perjury, declares as follows:

1.      I am an attorney admitted in the State of New York and a shareholder of the law firm Mazzola Mardon, P.C. I am admitted *pro hac vice* in this case to act as one of the lawyers for the Plaintiff International Longshoremen's Association ("Plaintiff" or "ILA").  I submit this Declaration to provide the Court with pertinent information concerning the events leading up to Defendants' decision to file a motion for a protective order staying discovery through the filing of Plaintiff's opposition.

2.      On August 26, 2025, the ILA filed its Complaint against Defendants Virginia Port Authority ("VPA") and Stephen Edwards ("Edwards") (ECF No. 1) seeking, *inter alia*, declaratory and injunctive relief.

3.      On September 18, 2025, Defendants filed a motion to dismiss (ECF No. 13) pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure.  The ILA submitted an opposition, and defendants filed a reply, but the motion was fully briefed as of October 8, 2025.

4.      On October 28, 2025, the Parties attended the Rule 26(f) Conference via telephone.  At that conference, Defendants' counsel asked whether the ILA would agree to a complete stay of all discovery until the motion to dismiss had been ruled upon.  ILA Counsel responded by saying that, even though the ILA was unable to consent to a blanket stay of all discovery, the ILA was willing to confer frequently in order to reduce burden and expense for all parties.

5.      On November 3, 2025, the Parties attended a Rule 16(b) Conference by video with the Court.  At that conference, the parties discussed and agreed to various deadlines for litigation.  At that time, Defendants' counsel did not mention any desire for a stay of all discovery, nor did Defendants' counsel raise any objections to the deadlines that were discussed.

6.      That same day, November 3, 2025, the Court issued its Scheduling Order (ECF No. 24), which set forth the various litigation deadlines, including the following:

- February 27, 2026: End of fact discovery

- March 10, 2026: Deadline to conduct depositions

- March 24, 2026: Deadline to file dispositive motions

- June 2, 2026: Trial

7.      On December 5, 2025, counsel for the ILA served the ILA's discovery requests on Defendants' counsel.

8.      On December 9, 2025, counsel for Defendants answered by email, refusing to respond to the ILA's discovery demands while Defendants' motion to dismiss is pending on the basis that "requiring the parties to engage in broad, burdensome discovery now would result in unnecessary expense and effort for both sides." *See* **Exhibit A**.

9.      That same day, counsel for the ILA asked for more specific objections, as opposed to Defendants' generic wholesale objections.

10.     On December 10, 2025, counsel for Defendants did not elaborate on the specific nature of Defendants' objections and reiterated her position that, "[e]ven if discovery is allowed to continue, it appears undisputable that the breadth of the subject matters included in your requests are overly broad, burdensome, and beyond the scope of permissible discovery." *Id.*

11.     On December 11, 2025, the ILA's counsel asked for a meet-and-confer conference pursuit to Local Rule 37(E), which states:

> Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy. The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue.

12.     Although Defendants responded to Plaintiff's meet-and-confer proposal, Defendants nonetheless filed a motion for a protective order staying discovery several hours later on December 11, 2025.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing

is true and correct

Dated: December 22, 2025
New York, NY

/s/ John P. Sheridan
John P. Sheridan

1003-656
149964