IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION,

    Plaintiff,

v.                                         Civil Action No.: 2:25cv523-JKW-RJK

VIRGINIA PORT AUTHORITY, *et al.,*

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

The ILA fails to offer a compelling opposition to the Defendants' request to stay discovery. Despite the ILA's general assertions of prejudice, there is no prejudice in staying discovery as the pending Motion to Dismiss has been fully briefed and there is sufficient time in the Scheduling Order to allow for a brief stay for the Court to determine whether this litigation will even proceed. The Motion for Protective Order should be granted to protect Defendants from partaking in burdensome discovery particularly when credible arguments for dismissal, including failure to state a claim and sovereign immunity, have been presented to the Court.

**ARGUMENT**

    **I.    Good cause exists to stay discovery.**

Meritorious arguments in favor of dismissal rest with the Court. The ILA does not contest that this Court has broad discretion when it comes to discovery. The Court has the authority to stay discovery and can even modify its own Scheduling Orders as needed during the pendency of the case should such modification be appropriate, *Dolan v. Ford Motor Company*, No. 3:23cv512, 2023 WL 7285443, at *2 (E.D. Va. Nov. 3, 2023) (citing *Landis v. North American Co.*, 299 U.S.

1

248, 254–55 (1936)). The Court also has wide discretion in deciding whether to issue a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). A stay is not appropriate in most cases, and the Defendants do not argue for it lightly here, but good cause exists for such relief.

Recognizing the Court's broad discretion to modify discovery, Defendants have presented numerous examples of discovery stays under similar circumstances, particularly in instances where the issue of immunity is pending. (Dkt. No. 27, at 4–7.) The ILA does not discuss these cases or make any attempt to distinguish them in its Opposition. (*See* Dkt. No. 29.) This silence is telling.

Indeed, the ILA does not address the majority of Defendants' arguments under the factors recognized by *Colonial River Wealth Advisors, LLC*. Instead, the ILA argues under the standard set forth in *Gibbs v. Plain Green, LLC*, which considers the narrower factors of "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party." 331 F. Supp. 3d 518, 525 (E.D. Va. 2018) (alteration in original) (quoting *Buzzell v. JP Morgan Chase Bank*, No. 3:13-CV-668, 2015 WL 5254768, at *2 (E.D. Va. Sep. 9, 2015)). *Gibbs*, and the standard it quotes, deal with a request to *stay proceedings*, not a request to stay discovery during the pendency of a dispositive motion. *See id.* In contrast, *Colonial River Wealth Advisors, LLC* sets forth the standard specific to a request to *stay discovery* during the pendency of a dispositive motion, *see* 2023 WL 4936708, at *1 (E.D. Va. June 5, 2023), and thus, its standard is the one that governs Defendants' motion.

Instead, the ILA focuses solely on the *Love v. Virginia Port Authority* case. (*Id.* at 6–7.) The *Love* case, however, does not control whether or not a stay is appropriate. If anything, *Love* is limited to the sovereign immunity inquiry and distinguishable for its failure to consider the Commonwealth's role in the appointment of VPA's Board of Directors when determining that the

second factor of the arm of the state test was factually inconclusive. In this case, the Court has not yet determined whether or not to apply *Love* or to distinguish it. A stay of discovery while the Court decides whether or not to apply *Love* to the present case is in the interest of justice and avoids undue burden and prejudice to potentially immune parties.

Even if the Court were to determine that *Love* applies, *Love* is completely irrelevant to the other defenses raised in the Motion to Dismiss such as failure to state a claim and lack of subject matter jurisdiction. As stated in the Defendants' Motion, Defendants have made a strong case that the ILA's claims are not viable. The ILA offers no case law stating that a motion to stay is inappropriate under those circumstances except the conclusory statement that controlling precedent cited by Defendants, *Colonial River Wealth Advisors, LLC*, is "in marked contrast" to the present case without explaining why or how. (Dkt. No. 29, at 4.) The ILA also ignores the alternative relief sought in the Motion to Dismiss, which is to add a necessary party, VIT. Adding VIT too would completely change the landscape of the litigation and any allowable discovery.

Analysis of the unique factors in this case warrant a stay of discovery. Plaintiff does not provide persuasive analysis of the *Colonial River* factors that would provide otherwise. Accordingly, Defendants respectfully request a stay of discovery pending resolution of the Motion to Dismiss.

**II.   Counsel has satisfied its obligations under the Local Rules with respect to the requested stay.**

The Defendants have discussed a discovery stay with the ILA's counsel since the 26(f) conference and in the months since both over the phone and via email. (*See* **Exhibit 1**.) The ILA did not consent to the stay any time and, in fact, ultimately issued discovery (underscoring the lack of its consent to a stay), which led to the necessity of the underlying motion. The conferral process regarding the Defendants' request to stay discovery has been satisfied.

The ILA mistakenly interprets Defendants' Motion for Protective Order as simultaneously requesting a stay to all discovery and also "seek[ing] a narrowing of the discovery requests that the ILA has already served," which is why the ILA raises the meet and confer requirement with respect to the latter. (Dkt. No. 29, at 1, 7.) While Defendants do object to the breadth of the ILA's discovery requests, they have served those objections separately; this Motion seeks only a stay of all discovery. Defendants specifically made this distinction in their Memorandum in Support of the motion. (*See* Dkt. No. 27, at 3 n.2.) Insofar as the Motion addresses the breadth of the ILA's discovery requests, it only does so because in *Colonial Rivers Wealth Advisors, LLC*, this Court decided that "the breadth of discovery and the burden of responding to it" is one of the relevant factors for the Court to consider in deciding whether to stay discovery during the pendency of a dispositive motion. 2023 WL 4936708, at *1.

Even so, separate and apart from the requested stay, the undersigned counsel also attempted to confer regarding the specifics of the ILA's discovery requests prior to the issuance of objections given the nature of the requests. To date, the ILA has delayed any conferral and refused to narrow their requests. (*See* Dkt. No. 29-2.) As indicated in the Motion for Protective Order, any motion practice related to the specific requests will follow as necessary if a stay is not granted. (*See* Dkt. No. 27, at 3 n.2.)

Counsel for Defendants have not only conferred with counsel for Plaintiff on multiple occasions regarding the stay, but counsel for Plaintiff has affirmatively stated that they would not agree to a stay. The Motion for Protective Order is therefore ripe for consideration.

### III.  A stay causes no prejudice and is appropriate under the circumstances.

In its response, the ILA articulates no compelling opposition to Defendants' arguments in favor of a stay and no specific claims of prejudice other than the current schedule, which can be modified by the Court if needed. Free discovery on unviable claims is inappropriate and unjust,

4

and that prejudice outweighs any mere inconvenience of a delay.

At this time, a stay does not prejudice the existing deadlines as discovery is not set to conclude until the end of February. (Dkt. No. 24, at 2.) A short stay of discovery to allow the Court to rule on the pending Motions is limited and tailored relief that is justified under the circumstances. The Court certainly has the discretion to modify the Scheduling Order later to afford the parties more time to conduct discovery if necessary. The ILA will not be prejudiced by a delay of discovery while the Court rules on the Motion to Dismiss or, in the alternative, Motion to Add a Necessary Party. By contrast, the Defendants will be prejudiced if discovery is allowed to proceed at this juncture because immune parties and parties brought on unviable claims should not be subject to the burdens of discovery. The Court should stay discovery such that the parties will know the operative issues and parties, if any, that are in this litigation.

## CONCLUSION

For good cause shown and considering the relevant factors, an order staying discovery is appropriate pending the disposition of Defendants' Motion to Dismiss. Defendants respectfully request that all discovery in this case be stayed until this Court issues a ruling on the pending Motion to Dismiss and for any other relief that the Court deems appropriate.

Dated: December 29, 2025

                                          VIRGINIA PORT AUTHORITY
                                          STEPHEN EDWARDS

                                          */s/ Jennifer L. Eaton*
                                          Jennifer L. Eaton (VSB No. 87491)
                                          W. Thomas Chappell (VSB No. 87389)
                                          Katherine M. Lennon Ellis (VSB No. 92358)
                                          WOODS ROGERS VANDEVENTER BLACK PLC
                                          101 W. Main Street, Suite 500
                                          Norfolk, VA 23510
                                          Telephone: (757) 446-8600
                                          Facsimile: (757) 446-8670

jennifer.eaton@woodsrogers.com
thomas.chappell@woodsrogers.com
kate.lennon@woodsrogers.com
*Counsel for Defendants*
