UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION,

        Plaintiff,

v.                                         Action No. 2:25cv523

VIRGINIA PORT AUTHORITY, et al.,

        Defendants.

### O R D E R

This matter is before the Court on the motion to stay discovery filed by defendants Virginia Port Authority ("VPA") and Stephen Edwards ("Edwards") on December 11, 2025. ECF No. 26. Defendants request that the Court stay discovery pending a ruling on the pending motion to dismiss. ECF No. 27, at 1. For the reasons stated below, the motion is **DENIED**.

Plaintiff brought this action seeking a declaratory judgment that the National Labor Relations Act, 29 U.S.C. § 151, *et. seq.*, preempts VPA's efforts to interfere with the collective bargaining agreement between plaintiff and Virginia International Terminals ("VIT"), and a permanent injunction enjoining the defendants from interfering with the collective bargaining agreement. ECF No. 1. On September 18, 2025, defendants filed a motion to dismiss the complaint asserting sovereign immunity, lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, and failure to join a necessary party. ECF No. 14. On November 3, 2025, a Fed. R. Civ. P. 16(b) scheduling conference was held establishing that fact discovery will close on February 27, 2026, dispositive motions will be filed by March 24, 2026, and a bench trial will be held on June 2, 2026. ECF No. 24. On December 11, 2025, defendants

filed a motion for protective order requesting a stay of all discovery pending a ruling on the motion to dismiss. ECF No. 26.

Defendants assert there is good cause for staying discovery pending a ruling on the motion dismiss because: (1) they have made a strong showing in the motion to dismiss that plaintiff's case lacks merit; (2) discovery should be stayed until the issue of sovereign immunity has been addressed; (3) plaintiff's discovery requests are unduly burdensome and outside the scope of the issues raised in the complaint; and (4) the risk of prejudice to plaintiff is low given the early stage of the case. ECF No. 27. Plaintiff opposed the motion on December 23, 2025, asserting: (1) the pending motion to dismiss is unlikely to dispose of the entire case; (2) defendants have failed to show good cause for modifying the scheduling order to which they previously consented; (3) the sovereign immunity defense is fact-specific requiring discovery; and (4) staying discovery will prejudice plaintiff unless the entire scheduling order is modified. ECF No. 29. Defendants replied on December 29, 2025, arguing that good cause exists to stay discovery including the avoidance of undue burden and prejudice to potentially immune parties and that a stay would not prejudice plaintiff. ECF No. 30. Defendants further note that the alternative relief sought by the motion to dismiss is to add VIT as a necessary party, which would "change the landscape" of allowable discovery. *Id.* at 3.

The Court has discretion to stay discovery in advance of deciding a pending dispositive motion under Federal Rule of Civil Procedure 26(c). *See Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (affirming district court's grant of motion to dismiss after entering protective order staying discovery). Motions to stay are disfavored in the Fourth Circuit, and the Court must consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also Diedrich v. City of Newport News*, No. 4:15cv2, 2016 U.S. Dist. LEXIS 66864, at *1–2 (E.D. Va. May 20, 2016).

In this matter, the factors weigh against granting a stay of discovery pending a ruling on the motion to dismiss. Defendants argue that the discovery is overly broad and that counsel are conferring in an attempt to narrow the necessary discovery responses. ECF No. 27, at 8. They have failed to establish irreparable injury from responding to appropriately narrowed, proportional discovery. On the other hand, a scheduling order has been entered in the case with fact discovery closing next month. Granting the stay without modifying the entire scheduling order and potentially the bench trial will prejudice plaintiff, and will potentially affect the Court's calendar. The fourth factor, addressing the public interest, does not weigh for or against a stay under these circumstances. Finding no good cause, the motion to stay discovery, ECF No. 26, pending a ruling on the motion to dismiss is **DENIED**.

The Clerk is **DIRECTED** to forward copies of this order to all counsel of record.

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
January 14, 2026